UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:20-CV-14138-ROSENBERG/MAYNARD

NORA M. LOVE, *as Personal Representative of*
*the Estate of Daniel F. Moriarty and the*
*Estate of Janet A. Moriary*,

     Plaintiff,

v.

BRUNT, SWEENEY, MATZ, P.A., CPA'S
and JOHN H. BRUNT,

     Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO COMPEL ARBITRATION AND STAYING CASE

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Stay Case and Compel Arbitration of All Claims. DE 20. The Court has carefully considered the Motion, Defendants' Response thereto [DE 22], Plaintiff's Reply [DE 23], and the record, and is otherwise fully advised in the premises.

Plaintiff Nora A. Love ("Plaintiff") filed this action in her capacity as the Personal Representative of the Estates of Daniel F. Moriarty and Janet A. Moriarty ("Decedents"). In the Amended Complaint, Plaintiff raises claims against Defendant Brunt, Sweeney, Matz, P.A., CPA's ("Defendant Accounting Firm") of breach of fiduciary duty, unjust enrichment, and negligent supervision and seeks a declaratory judgment and an accounting related to Defendant Accounting Firm's alleged mishandling of Decedents' assets (Counts III, V, VI, VIII, and IX). DE 17. Plaintiff raises claims against Defendant John H. Brunt ("Defendant Brunt") of breach of

fiduciary duty and unjust enrichment and also seeks a declaratory judgment and an accounting (Counts II, IV, VI, and VII). *Id.*

Plaintiff now seeks to compel arbitration of all claims, explaining that she obtained a copy of a relevant contract containing an arbitration provision only after she initiated this litigation (Count I). *Id.* at 18-19. That contract is an agreement ("the Agreement") that Decedents signed in February 2011 for the preparation of their "2010 federal and any State individual income tax returns," although the Agreement was "an ongoing agreement for years subsequent to 2010 unless terminated." *See* DE 17-1. The Agreement contains the heading "Brunt & Company, P.A. CPAs" with Defendant Accounting Firm's address and telephone number. *Id.* at 1. In addition to Decedents' signatures, the Agreement contains the following signature:

Sincerely,

*[signature: John H. Brunt]*

John H. Brunt, CPA
Brunt and Company, P.A. CPA'S

*Id.* at 3. The Agreement has an arbitration provision:

> If any dispute arises among the parties, they agree to try first in good faith to settle the dispute by mediation administered by the American Arbitration Association (AAA) under its Rules for Professional Accounting and Related Services Disputes. All unresolved disputes shall then be decided by final and binding arbitration in accordance with the Rules for Professional Accounting and Related Services Disputes of the AAA. Fees charged by any mediators, arbitrators, or the AAA shall be shared equally by all parties. IN AGREEING TO ARBITRATION, WE BOTH ACKNOWLEDGE THAT IN THE EVENT OF A DISPUTE EACH OF US IS GIVING UP THE RIGHT TO HAVE THE DISPUTE DECIDED IN A COURT OF LAW BEFORE A JUDGE OR JURY AND INSTEAD WE ARE ACCEPTING THE USE OF ARBITRATION FOR RESOLUTION.

*Id.* at 2-3.

The parties agree that Florida law governs the Agreement.  *See* DE 20 at 8-9; DE 22 at 7.  Although the instant claims do not relate to the preparation of Decedents' income tax returns, the parties further agree that the claims against Defendant Accounting Firm must be submitted to arbitration because the arbitration provision broadly covers "any dispute [that] arises among the parties."  DE 20; DE 22 at 2; *see* DE 17-1 at 2.  The parties dispute, however, whether claims brought against Defendant Brunt in an individual capacity are also subject to arbitration.  Defendants make several arguments to support their assertion that claims against Defendant Brunt in an individual capacity are not subject to arbitration.  The Court need only reach Defendants' first argument: that Defendant Brunt was not a party to the Agreement in his individual capacity.

When determining whether to compel arbitration, a court's first inquiry is whether the parties agreed to arbitrate the dispute.  *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004).  Although arbitration is strongly favored, "arbitration is a matter of contract" and may be compelled only for "disputes that the parties have agreed to arbitrate."  *Id.*  "In the absence of an agreement to arbitrate, a court cannot compel the parties to settle their dispute in an arbitral forum."  *Id.*  The party seeking to compel arbitration has the initial burden to establish that an arbitration agreement exists between the parties.  *Compere v. Nusret Miami, LLC*, 396 F. Supp. 3d 1194, 1199 (S.D. Fla. 2019).

Neither party provides the Court with any legal authority or legal analysis to resolve the issue of whether Defendant Brunt was a party to the Agreement in his individual capacity.  Plaintiff states simply that Defendant Brunt "signed the agreement as 'John H. Brunt, CPA,' and also for his CPA firm, 'Brunt and Company, P.A. CPA'S.'  He did not sign it as 'president' or 'manager' of the entity, or with such other designation which would indicate that he was signing

3

the Agreement solely in a representative capacity." DE 20 at 8; *see also* DE 23 at 1, 3. Defendants in turn simply state that "the Agreement was between 'Brunt & Company, P.A. CPAs' and Daniel and Janet Moriarty and was for the purpose of preparing their 'federal and State individual tax returns.' . . . [Defendant Brunt] is a non-signatory, in his individual capacity, to the Agreement." DE 22 at 8.

A corporate officer generally may not be held individually liable on a contract unless the officer signed it in an individual capacity. *Ryan v. Wren*, 413 So. 2d 1223, 1224 (Fla. 1982). Whether a corporate officer signed a contract in an individual or a corporate capacity is determined by examining the content of the contract as a whole. *MacKendree & Co., P.A. v. Pedro Gallinar & Assocs., P.A.*, 979 So. 2d 973, 976 (Fla. 3d Dist. Ct. App. 2008) ("We review the two agreements as a whole to determine whether the parties intended to bind their principal businesses alone, or also the signing agents in their individual capacities.").

> Whenever upon the face of an agreement a party contracting plainly appears to be acting as the agent of another, the stipulations of the contract are to be considered as operating solely to bind the principal, unless it manifestly appears by the terms of the instrument that the agent intended to superadd or substitute his own responsibility for that of his principal.

*Falsten Realty Co. v. Kirksey*, 137 So. 267, 270 (Fla. 1931).

Here, the parties do not dispute that Defendant Brunt signed the Agreement as an agent of Defendant Accounting Firm. Plaintiff argues that Defendant Brunt also signed the Agreement in his individual capacity. The only part of the Agreement that Plaintiff points to in support of this argument is the fact that "John H. Brunt, CPA" in the signature space is not followed by words such as "manager," "president," "CEO," or the like. *See* DE 20 at 8; DE 23 at 1, 3. "The absence of a corporate title is not dispositive of whether the parties intended personal liability, since the document as a whole and the context in which it was signed must be examined."

4

*PB Legacy, Inc. v. Am. Mariculture, Inc.*, No. 2:17-cv-9-FtM-29NPM, 2020 WL 377048, *4 (M.D. Fla. Jan. 23, 2020). Viewing the Agreement as a whole, the Court sees no indication of an intent for Defendant Brunt to be bound in an individual capacity. Although the Agreement does contain language such as "*We* appreciate the opportunity to work with you," and "*We* will prepare your 2010 federal and any State individual income tax returns," the Court sees no indication that the "we" included Defendant Brunt in an individual capacity, as opposed to generally referring to Defendant Accounting Firm and its employees as they served their clients. *See* DE 17-1 at 1 (emphasis added). Plaintiff has not satisfied her burden to show that an agreement to arbitrate existed between Decedents and Defendant Brunt in his individual capacity. *See Compere*, 396 F. Supp. 3d at 1199.

Plaintiff has not made any argument that Defendant Brunt can be compelled to arbitrate if he is not a signatory to the Agreement in his individual capacity. The Court therefore need not delve into the circumstances under which claims against a non-signatory to an arbitration provision must nevertheless be arbitrated. The Court concludes that claims against Defendant Brunt in his individual capacity are not subject to arbitration.

Defendants' arguments as to the merits of Plaintiff's claims against Defendant Accounting Firm, and as to Defendant Accounting Firm's defenses such as timeliness, are appropriately raised at arbitration. Therefore, the Court declines to reach the issues raised in Defendants' Motion to Dismiss at this time and denies the Motion without prejudice. *See* DE 21. Defendant Brunt may re-file a Motion to Dismiss after the conclusion of arbitration. The parties agree that, while arbitration between Plaintiff and Defendant Accounting Firm is pending, it is appropriate for the Court to stay this case as to the claims against Defendant Brunt in his individual capacity. DE 20 at 10; DE 22 at 16.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Stay Case and Compel Arbitration of All Claims [DE 20] is **GRANTED IN PART AND DENIED IN PART**.  The Motion is granted insofar as Plaintiff's claims against Defendant Brunt, Sweeney, Matz, P.A., CPA's are submitted to arbitration.  The Motion is denied to the extent that Plaintiff seeks to compel the arbitration of claims against Defendant John H. Brunt in his individual capacity.

2. This case is **STAYED** pending arbitration.

3. Defendants' Motion to Dismiss [21] is **DENIED WITHOUT PREJUDICE**.

4. The Clerk of Court is directed to **CLOSE THIS CASE FOR STATISTICAL PURPOSES**.  All hearings are **CANCELLED**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of July, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record